IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED
2023 DEC 11 P 2:31
_____
DEPUTY CLERK

**Louis C. Talarico, II**

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

**See Attached List of Names**

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for a Civil Case**

Civil No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial:   ☐ Yes   ☐ No
*(check one)*

**Full List of Names of Defendants**

    Defendant # 1 - Town of New Gloucester Maine

    Defendant # 2 - Paul First, Former Town Manager & Interim Town Manager at other times

    Defendant # 3 - Linda Chase, Former Select Board Member & Chair

    Defendant # 4 - Steven Libby, Former Select Board Member & Vice Chair

    Defendant # 5 - Stephen Hathorne, Former Select Board Member & Re-elected Current Select Board Member

    Defendant # 6 - Lenora Conger, Former Select Board Member

    Defendant # 7 - Joseph Davis, Former Select Board Member

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: **Louis C. Talarico, II**
Street Address: **114 Hatch Road**
City and County: **New Gloucester, Cumberland County**
State and Zip Code: **Maine 04260**
Telephone Number: **(207) 926-3488**
E-mail Address: **DrLCT2@besrl.com**

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

Name  _____
Job or Title (if known)  _____
Street Address  _____
City and County  _____
State and Zip Code  _____
Telephone Number  _____
E-mail Address (if known)  _____

**See Attached List of all Seven (7) Defendants' Detailed Information   (Defendant No. 1 - Defendant No. 7)**

## List of Information for Each of the Seven (7) Defendants Named in the Complaint - (3 Pages)

**Please Note:**

The personal information (home addresses, telephone numbers, etc. . . ) of New Gloucester Town Managers and Select Board Members are not available to the general public. As a result, the addresses being used for each of the seven (7) Defendants (listed below) will be noted as "care of". For example:

**Defendant's Name & Title**
**℅ Town of NewGloucester**
**385 Intervale Road**
**New Gloucester, Maine 04260**

Individual packets for each of the Defendants containing a copy of the Complaint; Notice of Lawsuit and Request to Waive Service of a Summons; Two (2) copies of Waiver of the Service of Summons; and a stamped (postage paid) self-addressed return envelope, will be hand-delivered to the New Gloucester Town Office by the Plaintiff.

New Gloucester Deputy Town Clerk, Sharlene Meyers, will then contact each of the Defendants and request that they pick-up their packet at the New Gloucester Town Office.

The following is the List of Information for Each of the Seven (7) Defendants Named in the Complaint:

Defendant # 1  Name: Town of New Gloucester Maine - A municipality
                                          (Town) in Maine
                       ℅ Sharlene Myers
            Job Title:    Deputy Town Clerk
                          Town of New Gloucester Maine
       Street Address:  385 Intervale Road
       City and County: New Gloucester, Cumberland County
       State and Zip Code: Maine 04260
       Telephone Number: (207) 926-4126
       E-mail Address: smyers@newgloucester.com

1

Defendant # 2  Name: Paul First
  Job Title: Former Town Manager (& at subsequent times Interim Town Manager)
  ℅ Town of New Gloucester Maine
  Street Address:       385 Intervale Road
  City and County:      New Gloucester, Cumberland County
  State and Zip Code:   Maine 04260
  Telephone Number: Unknown
  E-mail Address: Unknown

Defendant # 3  Name: Linda Chase
  Job Title: Former Select Board Member & Chair
  ℅ Town of New Gloucester Maine
  Street Address:       385 Intervale Road
  City and County:      New Gloucester, Cumberland County
  State and Zip Code:   Maine 04260
  Telephone Number: Unknown
  E-mail Address: Unknown

Defendant # 4  Name: Steven Libby
  Job Title: Former Select Board Member & Vice Chair
  ℅ Town of New Gloucester Maine
  Street Address:       385 Intervale Road
  City and County:      New Gloucester, Cumberland County
  State and Zip Code:   Maine 04260
  Telephone Number: Unknown
  E-mail Address: Unknown

Defendant # 5  Name:  Stephen Hathorne
  Job Title:  Former Select Board Member & Re-elected Current Select Board Member
    ℅ Town of New Gloucester Maine
  Street Address:  385 Intervale Road
  City and County:  New Gloucester, Cumberland County
  State and Zip Code:  Maine 04260
  Telephone Number:  Unknown
  E-mail Address:  Unknown

Defendant # 6  Name:  Lenora Conger
  Job Title:  Former Select Board Member
    ℅ Town of New Gloucester Maine
  Street Address:  385 Intervale Road
  City and County:  New Gloucester, Cumberland County
  State and Zip Code:  Maine 04260
  Telephone Number:  Unknown
  E-mail Address:  Unknown

Defendant # 7  Name:  Joseph Davis
  Job Title:  Former Select Board Member
    ℅ Town of New Gloucester Maine
  Street Address:  385 Intervale Road
  City and County:  New Gloucester, Cumberland County
  State and Zip Code:  Maine 04260
  Telephone Number:  Unknown
  E-mail Address:  Unknown

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ **Federal question**          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

**1.) Title II of the Americans with Disabilities Act ("ADA")**

**2.) 42 U.S.C. §1983 of the Equal Protection Clause of the Fourteenth Amendment**

**3.) Maine Revised Statute Title 36: Taxation; Part 2: Property Taxes; Chapter 105: Cities and Towns; Subchapter 8: §841 Abatement**

**4.) Maine Human Rights Act (Disabilities)**

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

   b. If the defendant is a corporation

   The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

   *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

   The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

   _____

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed. **See Attached Statement of Claim**

### III. Statement of Claims (Attachment)

This Complaint concerns adverse Disability Discrimination against Plaintiff regarding Property Tax Abatement Applications of Plaintiff's that were made to the Town of New Gloucester Maine for the tax years 2016, 2017 and 2018 which were Denied by the Town; a Former (and at later times an Interim) Town Manager; and five (5) Former Town Select Board Members, each of whom acted with malice and reckless indifference to the civil rights of Plaintiff - a person with disabilities protected by federal, state, and local government statutes.

United States Civil Statutes and Maine Statutes that have been violated by Defendants and resulting is this Compliant are listed below. The following four (4) Claims that are asserted regarding the facts related to the Complaint will then be discussed in greater detail on the following pages:

**Claim 1)** Is against the Town of New Gloucester Maine for violation of Title II of the Americans with Disabilities Act ("ADA").

**Claim 2)** Former (and at times an Interim) New Gloucester Town Manager Paul First, and Former New Gloucester Select Board Members Stephen Hathorne, Steven Libby, Lenora Conger, Linda Chase, and Joseph Davis for violations under 42 U.S.C. §1983 of the Equal Protection Clause of the Fourteenth Amendment ("Section 1983")

**Claim 3)** Each of the Defendant's listed above in Claim 1) and Claim 2) for violations of Maine Revised Statute Title 36: Taxation; Part 2: Property Taxes; Chapter 105: Cities and Towns; Subchapter 8: § 841 Abatement ("36 M.R.S.A. § 841 2")

**Claim 4)** Each of the Defendant's listed in Claim1) and Claim 2) for violations of the Maine Human Rights Act (Disabilities Section) ("MHRA"); and the Town of New Gloucester's By-Laws, Policies, and Code of Ethics

**Statement Regarding Claim 1)**

**Title II of the Americans with Disabilities Act (ADA)** requires state and local governments to provide people with disabilities, equal opportunity to benefit from all of a town's or city's programs, services, and activities.

1

Plaintiff is the owner of his home and property in New Gloucester Maine which has served as Plaintiff's residence since 1996. The Town of New Gloucester, Former Town Manager Paul First, and the Town's Select Board Members have been aware since 2010 that Plaintiff, 79 years-of-age, is an individual with permanent disabilities as defined by the Americans with Disabilities Act and the Maine Human Rights Act.

Plaintiff's medical (physical and mental) disabilities had been disclosed and listed in each of Plaintiff's applications submitted to the Town for property tax abatement relief along with supporting documentation - including medical records and Medical Reports of Plaintiff's Attending Physicians confirming and substantiating Plaintiff's disabilities.

In Plaintiff's numerous applications and requests to the Town for property tax abatements; and also during Plaintiff's appearances and sworn testimony before Select Board Members during Executive Session Hearings conducted at the Town Office, Plaintiff explained in detail the nature of Plaintiff's disabilities, how they have resulted in Plaintiff's protected status as an individual with disabilities, and how the disabilities have adversely affected Plaintiff's ability to earn income in order to be able to pay Plaintiff's property taxes.

Plaintiff claims the Town of New Gloucester violated Plaintiff's ADA rights as a result of the malicious and reckless indifference, misconduct, and illegal discriminatory behavior and actions of the Town's Former Town Manager Paul First, who discriminated against Plaintiff and Plaintiff's disabilities while participating in deliberations being held during Select Board Executive Session Hearings, and at other times; and by encouraging Board Members to Deny Plaintiff's Property Tax Abatement Applications without just cause.

The same five (5) Select Board Members who also, knowingly and with blatant and maliciousness intent, deliberated Plaintiff's 2016, 2017 and 2018 abatement applications (at issue in this Complaint), continued to be influenced by Town Manager First's discrimination, and perpetuated the same inappropriate and unjust behavior, hostility, bias, prejudice, harassment and discriminatory animus toward the Plaintiff that had begun and been initiated by Town Manager First, in spite of/and undeterred by the fact, and with full knowledge, that previous Denials of Plaintiff's applications (decided and

Denied by prior New Gloucester Select Boards and different Board Members) had subsequently and at later dates been overruled and reversed on Appeals Plaintiff made to Cumberland County Boards of Assessment Review ("CCBAR") which Granted Plaintiff's previously Denied New Gloucester applications.

The facts included, herewith, indicating how each defendant was involved and what they did in Denying Plaintiff's property tax abatement applications that caused Plaintiff harm and violated Plaintiff's rights, demonstrate and show beyond doubt that Plaintiff is entitled to the damages and other relief being sought.

As mentioned, Plaintiff's property tax applications, at issue in this Complaint, are the 2016 and 2017 tax year applications that were deliberated and voted Denied by the Town's Select Board Members named in this Complaint at an Executive Session Meeting held at the Town Office on December 11, 2017 with the 6-year Statute of Limitations in which to file the Complaint and these Claims in effect until December 10, 2023.

In addition, Plaintiff's property tax application, also at issue in this Complaint, is the 2018 tax year application which was deliberated and Denied by the same Select Board Members named in this Complaint during an Executive Session Meeting at the Town Office on June 4, 2018 with the 6-year Statute of Limitations being in effect until June 3, 2024.

The facts, dates, places, and Defendant's behavior and conduct that reveal the manner in which each Defendant was involved, and what each did that caused the Plaintiff harm and violated Plaintiff's rights that have been presented here in Claim 1); namely, that Defendants violated the civil rights of an individual with disabilities as a result of disability discrimination they're guilt of related to Plaintiff's applications for property tax abatements.

In those regards, the Statements contained here in Claim 1) apply equally and in the same manner to the narrative descriptions and Statements of each of the three (3) additional Claims that follow; i.e., Claim 2), Claim 3) and Claim 4), since all of the facts in each of the Claims are the same.

Therefore, and for the sake of brevity and not wanting to be repetitive, the facts, dates, places, involvements and conduct, which are exactly the same in

each of the Claims, will not necessarily be repeated in their entireties in the other Claims that follow which remain to be addressed and discussed.

**Statement Regarding Claim 2)**

**42 U.S.C. § 1983 of the Equal Protection Clause of the Fourteenth Amendment** (Section 1983) provides an individual the right to sue government employers and others acting "under color of Federal or State law" for civil rights violations.

Section 1983 "is not itself a source of substantive rights; rather, it provides a way to address violations of other rights. Courts frequently explain that Section 1983 merely provides a method for vindicating Federal rights elsewhere conferred.

The two main purposes of Section 1983 are compensation and deterrence. First, the statute remedies the violation of a victim's constitutional rights by providing him or her with a way to sue the violators for damages, called compensation. Deterrence is the second main purpose of Section 1983. The possibility of a jury allowing monetary damages against officers of municipalities or municipal employers should, in theory, deter them from violating people's constitutional rights again in the future, and set an example for others.

As previously stated in Claim 1) above regarding the inappropriate misconduct and illegal disability discriminatory behavior, conduct, and actions by the actors listed in Claim 1) related to the violation of Title II of the ADA, and also noted in the Complaint, apply equally and in the same manner to the Section 1983 violations, since the adverse and unfavorable Denied decisions by the actors that deliberated and voted negatively on Plaintiff's 2016, 2017 and 2018 property tax abatement applications; also violated Plaintiff's rights under Section 1983 concerning an individual with disabilities.

The facts regarding those listed in Claim 1) are the same as those that apply to this Claim 2); and therefore, need not be repeated or described in any greater detail here with all of the facts clearly showing that Plaintiff is entitled to damages and other reliefs being sought as a result of Section 1983 violations.

Statement Regarding Claim 3)

**Maine Revised Statute Title 36: Taxation; Part 2: Property Taxes; Chapter 105: Cities and Towns; Subchapter 8: § 841 Abatement** (36 M.R.S.A. § 841 (2) provides for property tax abatements for resident Maine homeowners, unable to pay part or all of their assessed property taxes, to apply to their town or city for abatement of their property taxes.

This Maine Law was enacted in 1973 to act as a safety net providing for the abatement of property taxes on the primary residence of any resident who, by reason of financial hardship, poverty, medical infirmity, disability, or other hardships, is unable to pay their property taxes. The purpose and intention of this Maine Statute is to prevent cities and towns from forcing the sale or foreclosure of properties in order to collect taxes from those who are otherwise unable to pay.

The inappropriate and illegal manner in which the Former New Gloucester Town Manager Paul First and the five (5) Select Board Members (serving on behalf of the Town of New Gloucester) deliberating and voting, knowingly and with blatant and maliciousness intent, to Deny Plaintiff's property tax abatement applications for the years 2016, 2017 and 2018 were all in violation of 36 M.R.S.A. § 841 (2) as a result of the same inappropriate and illegal discriminatory behavior and actions as those already described in Claim 1) that violated Plaintiff's rights as a disabled individual; and therefore, and once again it should not be necessary to repeat what has already been described regarding the Town and the other actors' conduct, behavior, and actions in any greater detail here regarding Claim 3).

Furthermore, and with regard to an additional violation of 36 M.R.S.A. § 841 (2) <u>Section G</u>, none of the Select Boards' Denial Letters sent to Plaintiff following their Denied decisions ever provided any basis or support for the Select Board Members' decisions that had been reached, nor did any of the Denials explain the reason(s) for the decisions as required by a stipulation in 36 M.R.S.A. § 841 (2) <u>(G)</u> which states that,"Municipal officers are required to provide that any decision made under this Subsection include the specific reason(s) for the decision."

As a result of this Subsection in the Maine Law, the Town and the Select Board Members charged with processing and making the decisions on

Plaintiff's Applications were also in violation of this Subsection G of 36 M.R.S.A. § 841 (2) (G) for not explaining why it deemed this Plaintiff unqualified for abatements.

The repeated Denials, year-after-year, and the failures to provide the Applicant with reasons for the Denials amounted to discriminatory and unlawful governmental actions; and therefore, placed the Town and its actors in further violation of Maine Law.

The facts clearly show that Plaintiff is entitled to damages and other reliefs being sought.

**Statement Regarding Claim 4)**

The **Maine Human Rights Act (for disabilities)** is Maine's anti-discrimination law that prohibits discrimination and infringements on the basic human right to a life with dignity on the basis of protected class. Protected classes include: race, color, ancestry, national origin, sex, sexual orientation (which includes gender identity and expression), physical or mental disability, religion, age, and other categories in certain contexts.

Persons with disabilities have the same rights as all people to non-discrimination, access, equality of opportunity, inclusion and full participation in society. Plaintiff's disabilities and the discrimination Plaintiff suffered at the hands of the Town of New Gloucester actors qualify Plaintiff's Claims and Complaint for consideration of the Defendants' violations under the Maine Human Rights Act.

Once again, what was already described in Claim 1) applies similarly to the Town of New Gloucester, Former New Gloucester Town Manager Paul First, and the five (5) Select Board Members concerning the inappropriate and illegal manner in which they deliberated and voted, knowingly and with blatant and maliciousness intent, to Deny Plaintiff's property tax abatement applications for the years 2016, 2017 and 2018; thereby, violating Plaintiff's rights as a disabled individual under the provisions provided for by the Maine Human Rights Act in the same way that has already been described in Claim 1) regarding the behavior, actions, and improper and illegal Denial decisions resulting from disability discrimination against Plaintiff and Plaintiff's Abatement Applications.

Therefore, it should not be necessary to repeat what has already been described regarding the Town's and the other actors' conduct and actions in any greater detail here in Claim 4) than has already been noted in Claim 1).

In closing, Plaintiff believes unlawful disability discrimination by the Defendants named in this Complaint has occurred and that Defendant's were negligent in their decisions to Deny Plaintiff's Property Tax Abatement Applications, and made conscious decisions to engage in behavior that could easily harm Plaintiff - including violating anti-discrimination laws.

As a result of Defendants' willful, blatant and maliciousness intent, inappropriate behavior, conduct, actions and illegal disability discriminatory animus, reasonable grounds exist and have been presented for each Claim made in this Complaint in order for this Court to proceed with a Federal Civil Lawsuit, with the facts showing that Plaintiff is entitled to the damages and other reliefs being sought.

IV. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. **See Attached Statement of Relief**

V. **Closing**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12/10, 2023

Signature of Plaintiff _____

Printed Name of Plaintiff  Louis C. Talarico, II